| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK | **Hearing Date: July 29, 2020 @ 2:00 p.m.** |

-------------------------------------------------------------x

In re:                                                                                  Chapter 11

Cornell St Hempstead LLC,                                             Case No. 20-71624 (AST)

                             Debtor.

-------------------------------------------------------------x

### SUBCHAPTER V TRUSTEE'S OBJECTION TO THE DEBTOR'S APPLICATION TO APPROVE DEBTOR-IN-POSSESSION FINANCING AND FOR RELATED RELIEF

**TO:  The Honorable Alan S. Trust**
       **United States Bankruptcy Judge:**

Salvatore LaMonica, the Subchapter V Trustee in this matter (the "Trustee"), in furtherance of his duties under the provisions of Subchapter V of Chapter 11 of the Bankruptcy Code, and in support of the Trustee's objection to the Debtor's motion for approval of post-petition financing under 11 U.S.C. §364 (the "DIP Motion"), respectfully sets forth and represents as follows:

### PRELIMINARY STATEMENT

1. As is set forth in greater detail in the objections filed by the Office of the United States Trustee, the Debtor acquired its interest in the property in March of 2018, almost two years prior to the Filing Date. The Debtor accomplished its purchase for what is believed to be a nominal sum and obtained title through a referee's deed, subject to the interest of the first lien holder.

2. According to the Schedules and Statement of Affairs filed by the Debtor in this proceeding, the first lien holder is the only creditor of the Debtor. The Debtor has identified the first lien holder as Deutsche Bank National Trustee Company as Trustee for Long Beach Mortgage Loan Trust 2003-5 ("Deutsche Bank").

3. By the DIP Motion, the Debtor is seeking the extraordinary relief of borrowing funds secured by a super priority lien and a first priority security interest and lien which primes the Deutsche Bank first lien position on the Property.

4. In addition to the technical evidentiary deficiencies set forth in the U.S. Trustee's objection, the Trustee, as an officer of the court, submits this objection to advise the Court that the notice of the DIP Motion provided by the Debtor does not appear reasonably calculated to provide notice of the relief requested to Deutsche Bank. Accordingly, the Trustee submits that the motion should be re-served on counsel to Deutsche Bank in the pending Foreclosure Action, or should be denied in its entirety until the Debtor can establish efforts to contact Deutsche Bank directly.

**FACTUAL BACKGROUND**

5. On March 13, 2020 (the "Filing Date"), the Debtor filed its voluntary petition under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and simultaneously elected to be treated as Subchapter V small business debtor (ECF Dkt. No. 1).

6. The Debtor is currently represented by the firm of Hasbani & Light, P.C., by Seth Weinberg as counsel ("Counsel").

7. On March 16, 2020, the United States Trustee appointed Salvatore LaMonica as the Subchapter V Trustee (the "Trustee").

8. According to the Debtor's schedules, the Debtor is the fee owner of the real property located at 157 Cornell Street, Hempstead, NY (the "Property"), which is the subject of a first lien in the approximate amount of $424,000.00 in favor of Deutsche Bank. The only creditor listed on the Petition and Schedules is Deutsch Bank at an address in Santa Ana California. See Dkt. No. 1.

9. The Debtor's Statement of Financial Affairs discloses that it is a party to a foreclosure action captioned: <u>Deutsche Bank National Trust Company as Trustee for Long Beach Mortgage Loan Trust 2003-5 v. Villatoro et al.</u>, pending in the Nassau County Supreme Court, Index No. 607376/2018 (the "<u>Foreclosure Action</u>"). See Dkt. No. 1, Question 7. In the Foreclosure Action, Deutsche Bank, as plaintiff, is represented by the law firms of Sheldon May & Associates ("<u>Sheldon May</u>") and Parker Ibrahim and Berg, LLP ("<u>Parker Ibrahim</u>"), and the Debtor is represented by Counsel herein, Hasbani & Light, PC. **See Exhibit "B"**.

10. In the Foreclosure Action, the Debtor was the only defendant to file an answer and opposed Deutsche Bank's motion for summary judgment. By order of the Supreme Court dated November 19, 2019, Deutsche Bank was granted summary judgment as against the Debtor (the "<u>Summary Judgment Order</u>"). **See Exhibit "A".**

11. Interestingly, notice of the Debtor's bankruptcy proceeding was not served on counsel to Deutsche Bank in the Foreclosure Action until July 8, 2020, when Seth Weinberg, Esq. filed a notice of bankruptcy with the Supreme Court in the Foreclosure Action. **See Exhibit "B".**

12. The Debtor has filed an Appeal of the Summary Judgment Order. **See Exhibit "C"**.

13. On April 22, 2020, the Debtor moved by Notice of Presentment of Order seeking the entry of an order valuing the property at $120,000.00 (the "<u>Valuation Motion</u>") (ECF Dkt. No. 19). The Valuation Motion was granted **on default** by Order of this Court dated April 20, 2020 (ECF Dkt. No. 23). The certificate of service indicates that notice of the Valuation Motion, which drastically effected Deutsche Bank's rights in the proceeding, was served on Deutsche Bank at an address in Santa Ana, California. See Dkt. No. 19-1. The Valuation Motion was **not** served on the attorneys representing Deutsche Bank in the Foreclosure Action.

14.     Thereafter, on May 28, 2020, the Debtor moved for the entry of an order authorizing it to obtain post-petition financing on a superpriority basis and granting adequate protection (the "<u>DIP Motion</u>") (ECF Dkt. No. 25).  By the DIP Motion, the Debtor proposes to prime Deutsche Bank's first lien position.  Once again, the DIP Motion was served on Deutsche Bank at an address in Santa Ana, California.  See Dkt. No. 25-1. The DIP Motion was **not** served on the attorneys representing Deutsche Bank in the Foreclosure Action

15.     The Trustee submits the instant opposition to point out to the Court that the service of the DIP Motion upon Deutsche Bank, as well as the previous motions in this proceeding, is inadequate and not likely to provide notice to Deutsche Bank.

16.     A review of the various certificates of service in this proceeding indicate that prior notices in this matter have been mailed to Deutsche Bank at a location in California during a pandemic. Because the Debtor purchased an interest in this Property in a Nassau County foreclosure action via a referee's deed, which is subject to the first lien, it is very likely that when Deutsche Bank receives these pleadings, which do not mention in any way the actual borrower[1], it is highly likely that it is unable to associate the pleadings with any loan in its portfolio.

17.     Finally, Counsel, who represented the Debtor in the Foreclosure Action, has been engaged in litigation with counsel to Deutsche Bank in the Foreclosure Action since 2018, and curiously, did not: (i) list counsel to Deutsche Bank on the Petition and Schedules,  (ii) provide Counsel to Deutsche Bank with Notice of the Commencement of the Bankruptcy case until July 8, 2020; and (ii)  has not served counsel with either the Valuation Motion or the DIP Motion.

---

[1] The Borrower under the Deutsche Bank mortgage is an individual named Mariano Villatoro.  See caption of Foreclosure Action at Exhibit "B"

18. Accordingly, the Trustee respectfully submits that the Court should delay consideration of the DIP Motion until the Debtor re-serves counsel to Deutsche Bank by a means that is intended to provide it with actual notice of the DIP Motion or in the alternative, deny the motion until the Debtor properly serves Deutsche Bank and its attorneys.

Dated: July 21, 2020

                              **SALVATORE LAMONICA, As Subchapter V Trustee of Cornell St Hempstead LLC**

By:   *s/Salvatore LaMonica*
Salvatore LaMonica, Esq.
3305 Jerusalem Avenue, Suite 201
Wantagh, NY 11793
Tel. 516.826.6500
Sl@lhmlawfirm.com